# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES SMALLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:16CV25 JMB |
| L. DAVIS, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motions of plaintiff James Smalley for leave to commence this action without prepayment of the required filing fee. (Docket Nos. 10 and 17). For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court finds that the manner in which plaintiff drafted the amended complaint makes it impossible to review, and the Court will order plaintiff to file a second amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess, and when funds exist collect, an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of his motions for leave to proceed in forma pauperis, plaintiff submitted an uncertified account statement from the Missouri Department of Corrections, Offender Financial Services, along with a letter explaining difficulties he believed he had experienced in obtaining it. (Docket No. 6). Therefore, the Court will require plaintiff to pay an initial partial filing fee of $1.00, an amount that is reasonable based on the financial information he provided. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a certified copy of his prison account statement in support of such claim.

## 28 U.S.C. § 1915(e)(2)

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense. *Id.* at 679.

After finding the original complaint (Docket No. 1/filed April 8, 2016) to be defective, this Court granted plaintiff leave to file an amended complaint. Plaintiff sought and was granted two extensions of time in which to file an amended complaint. The amended complaint plaintiff ultimately filed is drafted in such a manner that it is impossible for the Court to review it pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff used the Court-provided form for a portion of his amended complaint, but he removed the section entitled "Statement of Claim" and submitted a 91-page, handwritten document which he titled "Prisoner Civil Rights Complaint Under U.S.C. § 1983," which is a very long, rambling document full of legal conclusions. (Docket No. 16, Attach. 1, docketed as "Memorandum in Support of Amended Complaint"). The Court therefore determines that the amended complaint fails to comply with Rules 8 or 10 of the Federal Rules of Civil Procedure. Because plaintiff is proceeding pro se, the Court will provide plaintiff an opportunity to file a second amended complaint containing all of the allegations he wishes to bring against defendants. All of plaintiff's claims in this action must be included in one, centralized complaint form. Plaintiff must follow the Court's instructions relating to the filing of his second amended complaint, as set forth below, or he will face dismissal of his action, without prejudice.

Plaintiff is required to submit a second amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain a **short and plain** statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Rule 10(b) requires that a party must state

his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff must also name the defendants against whom he is pursuing allegations, and clearly identify each defendant by name and title, as far as he knows it. Plaintiff must also articulate, <u>for each named defendant</u>, the specific facts about that defendant's alleged wrongful conduct. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case. Plaintiff must also specify the capacity in which he is suing each defendant, whether it is in his or her official or individual capacity, or both. *See Monell v. Department of Social Services,* 436 U.S. 658, 690-91 (1978).

Plaintiff shall have twenty-one (21) days from the date of this Order to file a second amended complaint. Plaintiff is warned that the filing of the second amended complaint **completely replaces** the original and the amended complaint, and claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file a second amended complaint within twenty-one (21) days of the date of this Order, the Court will dismiss this action without prejudice. Plaintiff will not be granted any additional extensions of time.

After plaintiff files a second amended complaint, this Court will review it pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed thereon in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to proceed in forma pauperis (Docket Nos. 10 and 17) are **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 **within twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Order, a blank complaint form for the filing of a civil complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint, in accordance with the instructions set forth above, **no later than twenty-one (21) days from the date of this Order**.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file a second amended complaint, or fails to comply with the instructions set forth above relating to the filing of the second amended complaint, the Court WILL dismiss this action without prejudice. **NO FURTHER EXTENSIONS OF TIME WILL BE GRANTED.**

Dated this 5th day of October, 2016.

/s/ John M. Bodenhausen
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE