# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES SMALLEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 2:16CV25 JMB |
| L. DAVIS, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the most recent filing of plaintiff James Smalley, entitled "Plaintiff Motion To Show Cause." (Docket No. 21/filed October 27, 2016). This cause will be dismissed, without prejudice, due to plaintiff's failure to comply with the Court's October 5, 2016 Order.

**Procedural History**

Plaintiff filed his original complaint in this Court on April 8, 2016. Upon review, the Court noted defects in it and ordered plaintiff to submit an amended complaint. Plaintiff sought and was granted two extensions of time in which to do so.

The amended complaint plaintiff ultimately filed was drafted in such a manner that made it impossible to conduct § 1915 review. For example, plaintiff removed the "Statement of Claim" portion from the complaint form and replaced it with a 91-page, handwritten document that was illegible in parts, and was long, rambling, often nonsensical, full of legal conclusions, and devoid of specific allegations. On October 5, 2016, the Court entered an Order (Docket No. 18) (hereafter "Order") explaining that the amended complaint failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, and providing plaintiff an opportunity to submit a

second amended complaint. The Court provided plaintiff with specific instructions regarding how to properly compose the amended complaint. The Court also very clearly cautioned plaintiff that his case would be dismissed if he failed to timely comply with the Order, and also very clearly stated that plaintiff would be given no further extensions of time.

## Discussion

Federal Rule of Civil Procedure 41(b) addresses the dismissal of a case for failure to comply with Court orders. The United States Supreme Court has held the power to dismiss under Rule 41(b) includes the power to dismiss *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

Plaintiff's response to the Court was due on October 26, 2016. Instead of complying with the Order, plaintiff submitted "Plaintiff Motion To Show Cause," a twelve-page handwritten document. (Docket No. 21/filed October 27, 2016) (hereafter "Motion."). Therein, plaintiff acknowledged receipt of the Order. Plaintiff then wrote many pages describing trouble he encountered while trying to file a certified inmate account statement in the instant case and in previously-filed cases, and quarreling with this Court's characterization of the financial information he furnished in support of his motion for leave to proceed in forma pauperis.[1] Plaintiff also complained about being charged money in order to proceed in court. Plaintiff described various troubles he experienced with prison officials, advanced conclusory allegations against various people, and detailed previous hunger strikes he staged. Plaintiff stated that he has no access to the Federal Rules of Civil Procedure, and mocked the Court's requirement that he follow them. Of prison officials and defendants, plaintiff wrote that his "truth is going to catch up to their lies!" and characterized the actions of various people as a "little stunt." (*Id.*)

---

[1] On October 5, 2016, this Court granted plaintiff leave to proceed in forma pauperis. (Docket No. 18).

For his prayer for relief, plaintiff stated that he wanted the Clerk of Court to mail to him a copy of his original complaint and to also send the Court proof that he submitted a certified inmate account statement, and also to be allowed to demonstrate that he "did everything that he needed to do in his cause." (*Id.*)

Plaintiff's Motion neither complies with the Order nor indicates any desire to do so. Since initiating this case, plaintiff has submitted many similar filings. (Docket Nos. 2, 3, 4, 5, 7, 9, 19, 20). Plaintiff's response to the Order, combined with plaintiff's conduct since the initiation of this case, leads the Court to conclude that plaintiff's failure to comply with the Order is intentional, rather than accidental or involuntary. In addition, it is apparent from plaintiff's response and his prior conduct that plaintiff would continue to refuse to comply with Court orders in similar fashion instead of prosecuting his case in any serious manner.

The Court therefore determines that this case should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (Rule 41 dismissal is appropriate in cases of willful disobedience of a court order or persistent failure to prosecute a complaint); *see also Rodgers v. Curators of Univ. Of Mo.*, 135 F.3d 1216, 1219-20 (8th Cir. 1998) (upholding the district court's Rule 41 dismissal after the plaintiff refused to comply with court orders, finding the district court did not need to find that the plaintiff acted in bad faith, only that the failure to comply was intentional as opposed to accidental or involuntary); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (holding that a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Motion To Show Cause (Docket No. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that the amended complaint, and all of plaintiff's causes of action against all of the defendants, are hereby **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

Dated this 28th day of October, 2016.

                                                  JOHN A. ROSS
                                                  UNITED STATES DISTRICT JUDGE